The AMERICAN SURETY COMPANY, Respondent, v. FRANCIS B. THURBER et al., Appellants.

*Court of Appeals, April 15, 1890.*

Affirming 24 J. & Sp. 338.

1. *Evidence. Indemnity.*—Where the plaintiff gave its bond to the sheriff for the benefit of a large number of judgment creditors, each of whom severally gave to it indemnity bonds, there was no error, upon. the trial of an action upon the indemnity bond given by defendants, who were a portion of such creditors, to exclude proof of the other indemnity agreements, as their existence in no way affected the liability of the defendants under their agreement.

2. *Same. Parol.*—Oral evidence of the understanding of the parties at the time defendants executed their indemnity agreement, is incompetent.

3. *Same. Release.*—The fact that the plaintiff released some of the indemnifying creditors from the whole or part of their liability on their agreements, does not furnish any defense to the defendants in an action on their indemnity bond.

Appeal from a judgment of the general term of the superior court of the city of New York, affirming a judgment entered upon a verdict directed by the court, and an order denying a motion for a new trial.

*H. Aplington*, for appellants.

*Edward C. James*, for respondent.

EARL, J.—The defendants were principals in the indemnity agreement given by them to the plaintiff, and no rule of law requires that the agreement should receive a narrow or strict construction. We must ascertain its meaning from the language therein contained, and having arrived at that from a consideration of the whole instrument, we must give effect to the intention of the parties as thus ascertained.

38

There can be no doubt that the defendants intended to indemnify the plaintiff against its entire liability under the bond which, at their request, it had given to the sheriff of Columbia county. That bond is annexed to the agreement of the defendants, and is made part thereof, and the whole agreement leaves no doubt that it was their intention to give to the plaintiff an indemnity as broad as that which it had given to the sheriff.

It appears that the plaintiff executed its bond to the sheriff for the benefit of a large number of other execution creditors besides the defendants, and that such creditors had also severally executed to it indemnity agreements similar to that executed by the defendants. But they all came under several obligations to indemnify the plaintiff, and each obligation as between it and the obligors was independent of all the other obligations. It appears to have been the intention of the parties, derived from their agreements, that the plaintiff should not be obliged to look to all the execution creditors for its indemnity, or to each creditor to the extent or proportion of his execution, but that it could look to any of them upon any one of the distinct agreements, leaving any creditor thus obliged to indemnify the plaintiff to his right of contribution from the others for whose common benefit it executed the bond to the sheriff.

There was no error upon the trial in excluding the proof of the other indemnity agreements, as their existence in no way affected the responsibility of the defendants under their agreement.

If it had been intended by the parties interested in procuring the indemnity from the plaintiff to the sheriff that the execution creditors should be jointly liable to the plaintiff, they would probably have executed a joint or a joint and several instrument, upon which each creditor would have been liable as between himself and the plaintiff for the full amount of the indemnity. It could not have been intended that each creditor should be liable to the plaintiff

only to the amount of his execution, because as all the executions went into the hands of the sheriff, and were levied at the same time, such an indemnity might not have been adequate. The damage to which the sheriff was exposed might have exceeded, in case of any execution, the amount of that execution, and might have exceeded the amount of all the executions, and hence it would have been somewhat impracticable for the plaintiff to have received the separate indemnities of the execution creditors in a different form from that given.

The court did not err in excluding oral evidence of the understanding of the parties at the time the defendants executed their indemnity agreement. There was no allegation in the answer of any fraud or mistake in the agreement, and there was no ambiguity therein which, within the rules of law, would justify oral evidence as to the understanding of the parties. The court was bound to seek for that understanding in the agreement executed by the defendants which must be assumed to embody it.

It is not clear what was intended by the parties to be accomplished by the insertion of the figures " $214.52 " in the recital of the indemnity agreement executed by the defendants. It is certain, however, that it could serve no purpose as between the plaintiff and the defendants. The meaning and scope of the whole agreement are entirely plain, and nothing is left for explanation by oral evidence which under any rule of law would be competent.

In their answer the defendants alleged that there were fraud and conspiracy on the part of the plaintiff and other persons to defeat the sheriff in the action brought against him to recover the value of the property seized by him upon the executions, and to impose liability upon these defendants. But there was no proof of such a conspiracy and no competent evidence was offered bearing upon that defense.

If the plaintiff released some of the other execution creditors from whom it had taken indemnity agreements from

the whole or a part of their liability under such agreements, that fact in no way affected the defendants or furnished them a defense to the present claim. These were independent agreements not given upon the request of the defendants or for their benefit. The plaintiff could release such agreements in whole or in part without in any way impairing the rights of the defendants, and such releases would operate only against the plaintiff, leaving the defendants with whatever rights they before had for contribution from the parties so released, in case of payment by them for the common benefit.

We are, therefore, of opinion that the verdict was properly directed for the plaintiff, and that the judgment should be affirmed, with costs.

All concur.